UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TROY G. HAMMER,

                    Plaintiff,

v.                                                                    Case No. 23-C-628

ANTHONY SWANSON,

                    Defendant.

---

## DECISION AND ORDER

---

Plaintiff Troy Hammer is currently serving a state prison sentence and representing himself in this 42 U.S.C. §1983 action. On July 11, 2023, the Court screened the complaint and allowed Hammer to proceed on a deliberate indifference claim against the defendant. Dkt. No. 10. On July 19, 2023, Hammer filed a response and objections to the screening order, which the Court will construe as a motion for reconsideration. Dkt. No. 11. The Court will deny the motion.

Hammer first asserts that the Court lacked jurisdiction to screen his complaint because he consented to magistrate jurisdiction. Per General L. R. 3, cases are randomly assigned to a district judge or a magistrate judge. When a case is assigned to a district judge, a magistrate judge will also be assigned. "If the *parties* consent to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c), the district judge *may* refer the case to the magistrate judge by written order . . . ." (emphasis added). This case was randomly assigned to the undersigned and Magistrate Judge Nancy Joseph. Defendants have not consented to magistrate judge jurisdiction, so the case remains assigned to the undersigned. The Court reminds Hammer that, even if Defendants consent to magistrate judge jurisdiction, the Court *may* but does not have to reassign the case to Judge Joseph.

Hammer next asserts that his claim arises under the Fourteenth Amendment, not the Eighth Amendment as the Court concluded. He is incorrect. As the Court explained, at the relevant time, Hammer was a convicted prisoner who was incarcerated pending a decision whether his extended supervision should be revoked. Hammer faced no new charges, so he was not a pretrial detainee as he suggests. He was a convicted prisoner, and his claim therefore arises under the Eighth Amendment.

**IT IS THEREFORE ORDERED** that Hammer's response to the Court's screening order (Dkt. No. 11), which the Court construes as a motion for reconsideration, is **DENIED**.

Dated at Green Bay, Wisconsin this 1st day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge